IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                              PLAINTIFF/RESPONDENT

V.                                      No.  2:12-CV-02186
                                        No.  2:11-CR-20005

RAMIRO SALAZAR-ALEMAN                                                 DEFENDANT/PETITIONER

### REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 116, filed August 20, 2012, under 28 U.S.C. §2255. The Government filed its Response, *See ECF No.* 118 on September 18, 2012, and the Petitioner filed his Reply, *See ECF No.* 119, on September 26, 2012.

### I. Background

On December 6, 2010, Ramiro Salazar-Aleman ("Salazar") was charged in a criminal complaint with knowingly possessing with intent to distribute methamphetamine. (ECF No. 1). On January 13, 2011, the Grand Jury sitting in the Western District of Arkansas named Salazar in two counts of a four-count Indictment. (ECF No. 21). Count One charged Salazar with conspiracy to distribute more than 500 grams of methamphetamine at least as early as November 2010 and continuing until on or about December 5, 2010. Count Four charged that on December 5, 2010, Salazar aided and abetted in possessing with intent to distribute more than 500 grams of meth- amphetamine.

On May 18, 2011, Salazar appeared with counsel for a change of plea hearing before the Honorable Robert T. Dawson. (ECF No. 69). A written Plea Agreement was presented wherein

Salazar would plead guilty to Count Four of the Indictment. (ECF No. 71). The Court reviewed the Plea Agreement with Salazar and he was advised of his rights and the penalties were set forth. A factual basis was set forth to which Salazar agreed and, after finding Salazar's plea to be voluntary, the Court accepted his plea. (ECF No. 69).

On October 20, 2011, the United States Probation Office in the Western District of Arkansas prepared Salazar's initial Presentence Investigation Report (PSR). The United States offered no objection, however, Salazar objected to paragraph 12, Adjustment for Role in the Offense, arguing he was entitled to a reduction pursuant to § 3B1.2. (Add. to PSR). On November 9, 2011, a revised PSR was issued. In the Addendum to the PSR, the probation officer responded to Salazar's objection stating that no reduction for role in the offense was warranted. (Add. to PSR). The PSR assessed a Base Offense Level of 36. (PSR, ¶ 9). Salazar received a 3-point reduction for acceptance of responsibility (PSR,¶ 15) resulting in a Total Offense Level of 31. (PSR, ¶ 16). Salazar had one criminal history point which established his criminal history category as I. (PSR, ¶ 20). The resulting advisory guideline range was 108 to 135 months. (PSR, ¶ 33).

On December 19, 2011, Salazar appeared for sentencing. (ECF No. 76). The Court sentenced Salazar on Count 4 to 108 months imprisonment, 5 years supervised release, $2,500 fine, and a $100 special assessment. (ECF No. 81). Count One was dismissed on motion by the United States.

Attorney Marquette filed a Motion for Leave to Withdraw on January 17, 2012. (ECF No. 93). In his motion, attorney Marquette stated that he had advised Salazar of his right to appeal and that at no time did Salazar advise him of a desire to appeal. However, attorney Marquette

stated that on January 17, 2012, he received a letter from "Defendant's family" that he wished to appeal. On January 20, 2012, the undersigned issued a Report and Recommendation recommending that attorney Marquette's Motion for Leave to Withdraw be denied as the window for filing an appeal could still be available on February 3, 2012. (ECF No. 99). The Court adopted the Report and Recommendation and denied attorney Marquette's Motion for Leave to Withdraw and advised that any motion to file belated notice of appeal on behalf of Salazar must be filed within applicable deadlines. (ECF No. 101).

On August 20, 2012, Salazar filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the § 2255 Motion) alleging attorney Marquette failed to properly investigate relevant facts pertaining to the charges in order to prepare a defense, had a conflict of interest, and failed to file a notice of appeal. (ECF No. 116).

The Government filed a Response (ECF No. 119) on September 18, 2012 denying that the Petitioner's attorney failed to investigate the case or that he had a conflict of interest. The Government did acknowledge that the Petitioner's claim that his attorney failed to appeal could have merit. (Id., p. 11)

The Petitioner filed a Reply on September 26, 2012 conceding his arguments on his claim that his attorney failed to investigate and his claim that a conflict of interest existed. (ECF No. 119) and wanting only to pursue his claim that his attorney failed to appeal.

## II.  Discussion

The Petitioner contended that his attorney failed to pursue his appeal after having been instructed to do so. (ECF No. 116, p. 6).  If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with

respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) Where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007)

     For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007).  A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. Id. Moreover, "ineffective assistance of counsel cannot be presumed from the failure to advise that an appeal be taken ..." *United States v. Neff*, 525 F.2d 361, 364 (8th Cir. 1975). Where the record indicates that defense counsel did consult with the client about the right to file an appeal, and there is an absence of any evidence in the record to counter defense counsel's testimony that he never received express instructions from the client about an appeal, the client cannot make out an ineffective assistance claim, and cannot show that the district court is required to hold an evidentiary hearing. *United States v. Arvizu*, 270 F.3d 605, 606 (8th Cir. 2001).

     In this case attorney Marquette represented two of the named defendants; Alejandro Lopez-Placencia and Ramiro Salazar-Aleman. Both entered a plea of guilty on May 18, 2011

(ECF No. 67 and 69) and both were sentenced on December 21, 2011 (ECF No. 79 and 81).  On January 17, 2012 Mr. Marquette filed a Motion to Withdraw on both defendants. (ECF No. 93 and 94). The court entered an R&R on January 20, 2012 recommending that the Motion to Withdraw be denied and pointing out that even if the defendant's request for appeal fell outside the allotted 14 days the court did have authority to extend the filing time for 30 days for excusable neglect or good cause. (ECF No. 99).

Mr. Marquette then filed a Motion for Belated Appeal for Mr. Alehandro Lopez-Placencia (ECF No. 100) but did not file one for his other client the Petitioner. On January 31, 2012 the court entered an Order denying Mr. Marquette's Motion to Withdraw and granted the Motion for Belated Appeal.  The court's order advised Mr. Marquette that "any motion to file a belated notice of appeal on behalf of Defendant Ramiro Salazar-Aleman must be filed within applicable deadlines."(ECF No. 101).

The Government's Response states as follows:

> In preparing its response to Salazar's motion, the government contacted attorney Marquette regarding the appeal issue raised by Salazar. While Mr. Marquette disputes that Salazar ever explicitly asked him to file an appeal in this case, the government believes that there may have been some confusion and misunderstanding regarding Salazar's request to file an appeal. Based on this, and in the interest of fairness, the United States would not object to the court ordering a re-sentencing for the sole purpose of enabling Salazar to file a timely notice of appeal. *See United States v. King*, --- F.3d ----, 2012 WL 3870572 (8th Cir. 2012) ( "When re-sentencing follows a successful § 2255 motion based on counsel's failure to appeal, "the prescribed procedure is for the district court to vacate the sentence and then reimpose it." Id. at 2). (ECF No. 118, p. 11)

Since it seems clear that there was some "confusion" on the whether the Petitioner requested his attorney to pursue an appeal and when that request was made and the Government acknowledgment that re-sentencing would be appropriate the court believes that the Petitioner's

motion should be granted to allow re-sentencing.

On September 26, 2012 the Petitioner filed his Reply conceeding his claims that his attorney failed to investigate and that he had a conflict of interest and stating that he only wished to pursue his claim that his attorney failed to file an appeal and requesting that his sentence be vacated and that he be re-sentenced. (ECF No. 119).

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **GRANTED** for the purpose of re-sentencing.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 1st day of October 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE